**UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION**

| | |
|---|---|
| NATIONAL BUSINESS DEVELOPMENT SERVICES, INC., | CASE NO. 07-11140<br>HON. LAWRENCE P. ZATKOFF |
| Plaintiff, | |
| v. | |
| AMERICAN CREDIT EDUCATION & CONSULTING, INC. ET AL., | |
| Defendants. _____/ | |

**OPINION AND ORDER GRANTING DEFENDANTS' MOTION TO DISMISS**

AT A SESSION of said Court, held in the United States Courthouse,
in the City of Port Huron, State of Michigan, on May 23, 2007

PRESENT: THE HONORABLE LAWRENCE P. ZATKOFF
UNITED STATES DISTRICT JUDGE

**I.  INTRODUCTION**

This matter is before the Court on Defendants' motion to dismiss counts IV - VII filed on April 11, 2007.  Plaintiff has responded, and Defendants have replied to the response.  The Court finds that the facts and legal arguments are adequately presented in the parties' papers and the decision process would not be significantly aided by oral argument.  Therefore, pursuant to E.D. MICH. LR 7.1(e)(2), it is hereby ORDERED that the motion be resolved on the briefs submitted. For the reasons set forth below, Defendants' motion is GRANTED.

**II.  BACKGROUND**

Plaintiff is a company that helps consumers manage their credit, and repair their credit

history. In 1999, Plaintiff's predecessor, National Credit Repair Services, obtained three copyrights for materials it uses in its courses. The copyrighted materials include workbooks and audiotapes. The copyrighted materials were subsequently assigned to Plaintiff. Plaintiff alleges that Defendants, some of whom previously worked for Plaintiff, "advertise, promote or offer for sale to the general public, educational materials, brochures, and other derivative works, which incorporate the copyrighted materials of the Plaintiff in the Registered Copyrighted Works." Plaintiff's Complaint at 6. Plaintiff has brought claims under the Copyright Act, 17 U.S.C. § 101 et seq., and the Lanham Act, 15 U.S.C. § 1125.

### III. LEGAL STANDARD

A motion brought pursuant to FED. R. CIV. P. 12(b)(6) for failure to state a claim upon which relief may be granted tests the legal sufficiency of Plaintiff's claims.

The Court must accept as true all factual allegations in the pleadings, and any ambiguities must be resolved in Plaintiff's favor. *See Jackson v. Richards Med. Co.*, 961 F.2d 575, 577-78 (6th Cir. 1992). While this standard is decidedly liberal, it requires more than the bare assertion of legal conclusions. *See Advocacy Org. for Patients & Providers v. Auto Club Ins. Ass'n*, 176 F.3d 315, 319 (6th Cir. 1999). Furthermore, the Court need not accept as true legal conclusions or unwarranted factual inferences. The Court may properly grant a motion to dismiss when no set of facts exists that would allow Plaintiff to recover. *See Carter by Carter v. Cornwall*, 983 F.2d 52, 54 (6th Cir. 1993).

In deciding a motion to dismiss pursuant to FED. R. CIV. P. 12(b)(6), this Court may only consider "the facts alleged in the pleadings, documents attached as exhibits or incorporated by reference in the pleadings, and matters of which the [Court] may take judicial notice." 2 JAMES WM.

MOORE ET AL., MOORE'S FEDERAL PRACTICE ¶ 12.34[2] (3d ed. 2000). If, in deciding the motion, the Court considers matters outside the pleadings, the motion will be treated as one for summary judgment pursuant to FED. R. CIV. P. 56. *See* FED. R. CIV. P. 12(b).

## IV. ANALYSIS

Defendants have moved to dismiss counts IV-VII. The Court previous dismissed counts V-VII, so only count IV is at issue. Count IV alleges that Defendants have engaged in unfair competition under the Lanham Act. 15 U.S.C. § 1125(a) provides that:

> (1) Any person who, on or in connection with any goods or services, or any container for goods, uses in commerce any word, term, name, symbol, or device, or any combination thereof, or any false designation of origin, false or misleading description of fact, or false or misleading representation of fact, which–
>
> (A) is likely to cause confusion, or to cause mistake, or to deceive as to the affiliation, connection, or association of such person with another person, or as to the origin, sponsorship, or approval of his or her goods, services, or commercial activities by another person, or
>
> (B) in commercial advertising or promotion, misrepresents the nature, characteristics, qualities, or geographic origin of his or her or another person's goods, services, or commercial activities,
>
> shall be liable in a civil action by any person who believes that he or she is or is likely to be damaged by such act.

The Supreme Court interpreted §1125(a) in *Dastar Corp. v. Twentieth Century Fox Film Corp.*, 539 U.S. 23 (2003). Twentieth Century Fox ("Fox") held the copyright on a television series based on General Dwight D. Eisenhower's book on World War II, *Crusade in Europe*. The copyright expired in 1977, and the series entered the public domain. In 1995, Dastar released a video set made from tapes of the television series, with minor editing. Fox sued, claiming that the video set constituted "reverse passing off" under the Lanham Act. "Reverse passing off" occurs when a "producer misrepresents someone else's good or services as his own." *Id.* at 29.

3

The Supreme Court noted that the case turned on the meaning of "origin" for purposes of the Lanham Act:

> [T]he gravamen of respondents' claim is that, in marketing and selling Campaigns as its own product without acknowledging its nearly wholesale reliance on the Crusade television series, Dastar has made a "false designation of origin, false or misleading description of fact, or false or misleading representation of fact, which . . . is likely to cause confusion . . . as to the origin . . . of his or her goods." That claim would undoubtedly be sustained if Dastar had bought some of New Line's Crusade videotapes and merely repackaged them as its own. Dastar's alleged wrongdoing, however, is vastly different: it took a creative work in the public domain – the Crusade television series – copied it, made modifications (arguably minor), and produced its very own series of videotapes. If "origin" refers only to the manufacturer or producer of the physical "goods" that are made available to the public (in this case the videotapes), Dastar was the origin. If, however, "origin" includes the creator of the underlying work that Dastar copied, then someone else (perhaps Fox) was the origin of Dastar's product.

*Id.* at 31 (citation omitted). The Supreme Court held that:

> In sum, reading the phrase "origin of goods" in the Lanham Act in accordance with the Act's common-law foundations (which were not designed to protect originality or creativity), and in light of the copyright and patent laws (which were), we conclude that the phrase refers to the producer of the tangible goods that are offered for sale, and not to the author of any idea, concept, or communication embodied in those goods. Cf. 17 USC § 202 [17 USCS § 202] (distinguishing between a copyrighted work and "any material object in which the work is embodied"). To hold otherwise would be akin to finding that § 43(a) created a species of perpetual patent and copyright, which Congress may not do.

*Id.* at 37. Thus, because Dastar produced the physical tapes it was selling, Fox had no claim under the Lanham Act. The source material in *Dastar* was in the public domain. However, the First and Fifth Circuits have held that *Dastar*'s reasoning applies in cases where the source material is not in the public domain.

In *Zyla v. Wadsworth*, 360 F.3d 243 (1st Cir. 2004), the plaintiff withdrew her permission for the defendant to use her work in a textbook. The defendant used the plaintiff's work anyway, and the plaintiff brought suit. The First Circuit held that:

4

> The Supreme Court has determined, however, that § 43(a)(1)(A) does not apply to the type of claim that [the plaintiff] raises. . . . The Court found that no false designation of origin had occurred because Dastar accurately identified itself as the manufacturer of the physical video, even if it had not accurately credited others for the creative content of the video. Claims of false authorship, the Court reasoned, should be pursued under copyright law instead. We conclude that *Dastar* controls here and bars [the plaintiff's] Lanham Act claim.

*Id.* at 251-52 (citations omitted).

In *General Universal Sys. v. Lee*, 379 F.3d 131 (5th Cir. 2004), the plaintiff claimed the defendant had developed a derivative software program based on the plaintiff's copyrighted program. The Fifth Circuit held that the plaintiff could not bring a claim under the Lanham Act:

> While there are some differences between *Dastar* and the situation at hand, we find *Dastar's* reasoning controlling. [The plaintiff] has not accused [the defendant] of taking tangible copies of its software, removing its trademarks, and selling them as its own. Rather, [the plaintiff] asserts that [the defendant] copied the ideas, concepts, structures, and sequences embodied in its copyrighted work. In sum and substance, [the plaintiff's] claim is simply a claim that [the defendant] has infringed its copyright in [the plaintiff's program]. *Dastar* makes clear that such claims are not actionable under § 43(a).

*Id.* at 149.

The facts of the instant case are similar to those of *Lee*. Plaintiff has not accused Defendants of taking Plaintiff's physical materials, repackaging them, and selling them under Defendants' name. Rather, Plaintiff has accused Defendants of incorporating Plaintiff's copyrighted materials into Defendants' materials. As the Fifth Circuit held in *Lee*, this type of claim is governed by copyright law, not the Lanham Act.[1] Therefore, Plaintiff has failed to plead a cause of action under the Lanham Act.

---

[1] Plaintiff has also charged Defendants with copyright infringement.

## V. CONCLUSION

For the above reasons, Defendants' motion to dismiss count IV is GRANTED. Count IV of Plaintiff's complaint is HEREBY DISMISSED with prejudice.

IT IS SO ORDERED.

                              s/Lawrence P. Zatkoff
                              LAWRENCE P. ZATKOFF
                              UNITED STATES DISTRICT JUDGE

Dated: May 23, 2007

## CERTIFICATE OF SERVICE

The undersigned certifies that a copy of this Order was served upon the attorneys of record by electronic or U.S. mail on May 23, 2007.

                              s/Marie E. Verlinde
                              Case Manager
                              (810) 984-3290