UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

NATIONAL BUSINESS DEVELOPMENT
SERVICES, INC.,

CASE NO. 07-11140
HON. LAWRENCE P. ZATKOFF

    Plaintiff,

v.

AMERICAN CREDIT EDUCATION &
CONSULTING, INC. ET AL.,

    Defendants.
_____/

**OPINION AND ORDER GRANTING DEFENDANTS' MOTION TO DISMISS**

AT A SESSION of said Court, held in the United States Courthouse,
in the City of Port Huron, State of Michigan, on August 8, 2007

PRESENT: THE HONORABLE LAWRENCE P. ZATKOFF
UNITED STATES DISTRICT JUDGE

## I. INTRODUCTION

This matter is before the Court on Defendants' motion to dismiss. Plaintiff has responded, and Defendants have replied to the response. The Court finds that the facts and legal arguments are adequately presented in the parties' papers and the decision process would not be significantly aided by oral argument. Therefore, pursuant to E.D. MICH. LR 7.1(e)(2), it is hereby ORDERED that the motion be resolved on the briefs submitted. For the reasons set forth below, Defendants' motion is GRANTED.

## II. BACKGROUND

Plaintiff is a company that helps consumers manage their credit, and repair their credit

history. Plaintiff alleges that Defendants, some of whom previously worked for Plaintiff, are producing works which infringe on Plaintiff's copyrighted works. Plaintiff's complaint originally contained seven counts. Counts I, II, IV, V, VI and VII were previously dismissed by the Court, and only count III remains.

### III. LEGAL STANDARD

A motion brought pursuant to FED. R. CIV. P. 12(b)(6) for failure to state a claim upon which relief may be granted tests the legal sufficiency of Plaintiff's claims.

The Court must accept as true all factual allegations in the pleadings, and any ambiguities must be resolved in Plaintiff's favor. *See Jackson v. Richards Med. Co.*, 961 F.2d 575, 577-78 (6th Cir. 1992). While this standard is decidedly liberal, it requires more than the bare assertion of legal conclusions. *See Advocacy Org. for Patients & Providers v. Auto Club Ins. Ass'n*, 176 F.3d 315, 319 (6th Cir. 1999). Furthermore, the Court need not accept as true legal conclusions or unwarranted factual inferences. The Court may properly grant a motion to dismiss when no set of facts exists that would allow Plaintiff to recover. *See Carter by Carter v. Cornwall*, 983 F.2d 52, 54 (6th Cir. 1993).

In deciding a motion to dismiss pursuant to FED. R. CIV. P. 12(b)(6), this Court may only consider "the facts alleged in the pleadings, documents attached as exhibits or incorporated by reference in the pleadings, and matters of which the [Court] may take judicial notice." 2 JAMES WM. MOORE ET AL., MOORE'S FEDERAL PRACTICE ¶ 12.34[2] (3d ed. 2000). If, in deciding the motion, the Court considers matters outside the pleadings, the motion will be treated as one for summary judgment pursuant to FED. R. CIV. P. 56. *See* FED. R. CIV. P. 12(b).

### IV. ANALYSIS

A.  *Rule 56(f)*

As part of its response to Defendants' motion to dismiss, Plaintiff has made a request for additional time to conduct discovery pursuant to Federal Rule of Procedure 56(f). Rule 56(f) provides that:

> Should it appeal from the affidavits of a party opposing the motion that the party cannot for reasons stated present by affidavit facts essential to justify the party's opposition, the court may refuse the application for judgment or may order a continuance to permit affidavits to be obtained or depositions to be taken or discovery to be had or may make such order as is just.

To obtain additional time for discovery pursuant to Rule 56(f), a party must show a factual basis for his claim, and provide an affidavit detailing what material facts he expects to uncover through discovery. *Emmons v. McLaughlin*, 874 F.2d 351, 357 (6th Cir. 1989). However, Rule 56(f) does not provide for a fishing expedition when a party merely hopes to uncover evidence of wrongdoing. *See Duffy v. Wolle*, 123 F.3d 1026, 1041 (8th Cir. 1997); *Leatherman v. Tarrant County Narcotics Intelligence & Coordination Unit*, 28 F.3d 1388, 1395 (5th Cir. 1994).

Plaintiff has submitted two affidavits supporting its request for additional discovery pursuant to Rule 56(f). Both affidavits are bereft of any specific description of the facts that Plaintiff intends to uncover through discovery. The essence of both affidavits is that Plaintiffs need discovery to determine if Defendants' works infringe on Plaintiff's. However, Plaintiffs neither identify a specific infringing work, nor specify the manner in which it infringes on their work. Rule 56(f) is not a mechanism whereby parties can determine in the first place if they have a claim. The purpose of a lawsuit is for a party to vindicate an existing claim, not to engage in a fishing expedition to determine if a claim exists.

Furthermore, it has come to light during the numerous discovery disputes in this case that

Plaintiff does not currently possess the original copyrighted works that Defendants allegedly infringed. Thus, Plaintiff brought the instant suit without any comparison between the copyrighted works and the unspecified alleged infringing works. On these facts, Plaintiff is not entitled to additional discovery that would essentially be a fishing expedition for Plaintiff to determine if it has a claim.

A.     *Rule 12(b)(6)*

The Supreme Court recently held that a complaint must provide "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Bell Atlantic Corp. v. Twombly*, __ U.S. __, 127 S. Ct. 1955, 1964-65 (2007). Furthermore, "on a motion to dismiss, courts 'are not bound to accept as true a legal conclusion couched as a factual allegation.'" *Id.* at 1965 (quoting *Papasan v. Allain*, 478 U.S. 265, 286 (1986)). The Supreme Court also noted that a plaintiff must make "a showing, rather than a blanket assertion of entitlement to relief" and "factual allegations must be enough to raise a right to relief above the speculative level." *Id.* at 1965.

Relying on *Landgraf v. Usi Film Prods.*, 511 U.S. 244 (1994), Plaintiff argues that *Bell Atlantic* should not apply, because it was decided after Plaintiff filed its case. This argument is unpersuasive. *Landgraf* involved the retroactive applicability of a statute. The Supreme Court held held that the statute at issue should not be applied retroactively, noting that there was no clear evidence of congressional intent that the statute "should apply to cases arising before its enactment." *Id.* at 286. However, the Supreme Court also noted that "[c]hanges in procedural rules may often be applied in suits arising before their enactment without raising concerns about retroactivity." *Id.* at 275.

4

*Bell Atlantic* did not involve a statute, but rather the Supreme Court's interpretation of an existing procedural rule. The decision neither created new rights nor new liabilities. Thus, the *Landgraf* concerns do not apply.

In the instant case, Plaintiff's complaint contains a blanket assertion of entitlement to relief, but does not contain any factual allegations supporting that assertion. There is neither (1) an identification of a work produced by Defendants that infringes upon Plaintiff's copyrighted work, nor (2) a description of the manner in which Defendants' works infringe upon Plaintiff's work. As noted above, the Court is not required to accept Plaintiff's bare legal conclusions. Plaintiff's complaint amounts to no more than a speculative claim that Defendants may have produced some work that in some way infringed upon Plaintiff's works. This pleading is insufficient, and Plaintiff's action must be dismissed.

## V. CONCLUSION

For the above reasons, Defendants' motion to dismiss is GRANTED. Plaintiff's action is HEREBY DISMISSED with prejudice.

IT IS SO ORDERED.

s/Lawrence P. Zatkoff
LAWRENCE P. ZATKOFF
UNITED STATES DISTRICT JUDGE

Dated: August 8, 2007

### CERTIFICATE OF SERVICE

The undersigned certifies that a copy of this Order was served upon the attorneys of record by electronic or U.S. mail on August 8, 2007.

s/Marie E. Verlinde
Case Manager (810) 984-3290