**UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION**

NATIONAL BUSINESS DEVELOPMENT
    SERVICES, INC.,

        Plaintiff,

v.                                          CIVIL NO. 07-11140
                                          HON. LAWRENCE P. ZATKOFF

AMERICAN CREDIT EDUCATION
    &amp; CONSULTING, INC. et al.,

        Defendants.
_____/

**OPINION AND ORDER**

AT A SESSION of said Court, held in the United States Courthouse,
in the City of Port Huron, State of Michigan, on December 19, 2007

PRESENT: THE HONORABLE LAWRENCE P. ZATKOFF
UNITED STATES DISTRICT JUDGE

**I. INTRODUCTION**

This matter comes before the Court on Defendants' Motion for Attorneys' Fees [dkt 46]. In Defendants' original motion, they included no evidentiary support for the amount of their claim, seeking first a general declaration of their entitlement to attorneys' fees. The Court ordered Defendants to submit supplemental materials in support of their claim for $90,000. On October 11, 2007, Defendants submitted their declaration in support of fees and expenses. In the declaration, Defendants sought total compensation of $106,763.80, basing their computation of fees and costs on all elements of this case, including matters and defendants that were explicitly dismissed by this Court without costs or fees to either party. Defendants also sought recovery of fees for work done pertaining to Counts V–VII, which this Court dismissed *sua sponte*. Finally, Defendants sought recovery for fees attributable to Count IV, which was not brought under the Copyright statute but

under the Lanham Act, ignoring the different standard that applies to such matters.[1] In response, this Court issued Defendants an Order to Show Cause [dkt 60] as to why they should not be held in contempt of court for disregarding the Court's orders that certain claims and individuals be dismissed without costs or fees to either party. Defendants submitted a contrite response [dkt 61] and "scaled back" their fee request to those fees and costs associated with Count III–the Copyright claim. Defendants now request $46,477.62 in attorneys' fees and costs.

The Court finds that the facts and legal arguments are adequately presented in the parties' papers such that the decision process would not be significantly aided by oral argument. Therefore, pursuant to E.D. Mich. LR 7.1(e)(2), it is hereby ORDERED that the motion be resolved on the briefs submitted. For the reasons set forth below, the Court WITHDRAWS its November 16, 2007, Order to Show Cause [dkt 60]. Defendants' motion is GRANTED in part and DENIED in part.

## II. BACKGROUND

Plaintiff brought suit under the Copyright Act, 17 U.S.C. § 101, and the Lanham Act, 15 U.S.C. § 1125, alleging that Defendants, some of whom previously worked for Plaintiff, "advertise, promote or offer for sale to the general public, educational materials, brochures, and other derivative works, which incorporate the copyrighted materials of the Plaintiff in the Registered Copyrighted Works." On August 8, 2007, this Court dismissed Plaintiff's suit for failure to state a claim on which relief may be granted in large part because Plaintiff could not establish "a work produced by Defendants that infringes upon Plaintiff's copyrighted work, nor a description of the manner in which Defendants' works infringe upon Plaintiff's work." Opinion and Order Granting Defendants'

---

[1] "The court in exceptional cases may award reasonable attorney fees to the prevailing party." 15 U.S.C. § 1117(a).

Motion to Dismiss at 5, *Nat'l Bus. Dev. Servs., Inc. v. Am. Credit Educ. & Consulting, Inc.*, No. 07-11140 (E.D. Mich. Aug. 8, 2007). On September 10, 2007, this Court denied Plaintiff's Motion for Reconsideration. Defendants now move for reimbursement of costs and attorneys' fees, a determination that Plaintiff's counsel be personally responsible for Defendants' costs and fees, and sanctions against Plaintiff and its counsel for failing to withdraw its Count III 21 days after being served with a Rule 11 motion.

### III. ANALYSIS

A. **ATTORNEYS' FEES**

Defendants maintain that attorneys' fees are appropriate in this matter because Plaintiff's complaint was factually and legally baseless, filed with the intent to harass and intimidate Defendants. More specifically, Defendants allege that Plaintiff's copyright claim was frivolous and objectively unreasonable for at least four reasons:

> (1) Plaintiff . . . did not even have in-hand the deposit materials . . . when it filed suit, and throughout pre-trial. (2) The Complaint named no accused work of any defendant. (3) Plaintiff . . . could neither identify any accused work in discovery, nor any act of copyright infringement of any of the defendants. (4) NBDS's president . . . impliedly admitted . . . that he did not know if there was even a case for copyright infringement.

(internal citations omitted). Defendants also argue that the suit was filed in a retaliatory spirit and warrants attorneys' fees as a deterrent.

Plaintiff responds that its suit was not objectively unreasonable under the circumstances, that it did possess a copy of the copyrighted materials at the time of filing, and that any inadequacies in advancing its claim stemmed directly from Defendants' combative and uncooperative approach to discovery. Plaintiff also argues that this Court's decision to dismiss the case was due at least in part

3

to a Supreme Court decision, *Bell Atlantic Corp. v. Twombly*, that was decided two months after Plaintiff filed suit. 127 S. Ct. 1955 (2007). Plaintiff argues that this unforeseeable decision should not render its suit frivolous. Finally, Plaintiff contends that a court's dismissal of a claim does not automatically signify that the claim was unreasonable.

Under the "American Rule," parties are required to pay their own attorneys' fees and are not permitted to collect such fees from the opposing party. *See Buckhannon Bd. & Care Home, Inc. v. W. Va. Dep't of Health & Human Servs.*, 532 U.S. 598, 602 (2001). Congress has provided for the award of attorneys' fees, however, in certain circumstances. Pursuant to the Copyright Act, courts enjoy discretion to award "recovery of full costs by or against any party . . . [and] may also award a reasonable attorney's fee to the prevailing party as part of the costs" in civil actions arising under the Act. 17 U.S.C. § 505. The Supreme Court has acknowledged the legitimacy of a list of non-exhaustive factors such as "frivolousness, motivation, objective unreasonableness (both in the factual and in the legal components of the case) and the need in particular circumstances to advance considerations of compensation and deterrence" to determine the propriety of attorneys' fees. *Fogerty v. Fantasy, Inc.*, 510 U.S. 517, 535 n.19 (1994) (quoting *Lieb v. Topstone Indus., Inc.*, 788 F.2d 151, 156 (3d Cir. 1986)).

The lodestar method for determining reasonable fees multiplies "the number of hours reasonably expended on the litigation . . . by a reasonable hourly rate." *Hensley v. Eckerhart*, 461 U.S. 424, 433 (1983). The Supreme Court has held that the fee applicant must produce evidence "to justify the reasonableness of the requested rate." *Blum v. Stenson*, 465 U.S. 886, 896 (1984). Attorneys must maintain billing records in a manner that enables the Court to review the reasonableness of the fees charged; vague or insufficient records may warrant a reduction by the

court. *See Hensley*, 461 U.S. at 433. The district court should look to the prevailing market rate to determine the reasonableness of the requested rate. *Northcross v. Bd. of Educ.*, 611 F.2d 624, 638 (6th Cir. 1979).

Throughout the four months that this case was pending before the Court, Plaintiff could not establish what materials or in what manner Defendants infringed Plaintiff's copyright. Although Plaintiff attributes this failure to Defendants' aggressive approach to discovery, the fact remains that Plaintiff filed a complaint with no genuine idea as to whether a claim existed. This is evidenced not only by quick dismissals of several claims and individual defendants, but also by the fact that Plaintiff still had not obtained the deposit materials as of July 11 and Pavone's statements that he would dismiss any defendant and even the suit if no claim existed. Plaintiff argues that such an attitude demonstrates good faith. On the contrary, it supports the conclusion that Plaintiff lacked any concrete idea as to whether a claim existed. The *Twombly* decision does not alleviate the shortcomings in Plaintiff's claim. A thorough examination of the *Fogerty* factors is not required in this case. A cursory examination of Plaintiff's approach to filing its claim, as outlined above, reveals that the claim was frivolous, unreasonable, and deserving of deterrent action. The *Fogerty* factors support an award of attorneys' fees in this matter.

Based on the undersigned's review of the filings in this case, the undersigned's experience in presiding over litigation for the past twenty-one years on this bench, and the undersigned's experience as a litigator, the Court finds that the billing rates claimed by Defendants' attorneys and paralegal (i.e., $360 / hour for Robert Tuttle; $330 / hour for John Nemazi; $250 / hour for Robert Brandenburg; and $110 / hour for Murrell (paralegal)) are not reasonable. The Court finds that reasonable rates for the attorneys and paralegal in this matter are as follows: $280 / hour for Tuttle;

5

$250 / hour for Nemazi; $170 / hour for Brandenburg; and $75 / hour for Murrell (paralegal).

Turning to the amount of time billed, the Court cannot determine exactly what happened on any particular day the attorneys billed on this matter. The Court therefore has reviewed the docket, the instant motion, and the other filings in this matter in order to determine the number of hours that were reasonably necessary in this case. Based on the undersigned's review of the filings in this case, the undersigned's experience in presiding over litigation for the past twenty-one years on this bench, and the undersigned's experience as a litigator, the Court concludes that the 131.75 hours charged by Defendants' counsel and the law firm of Thompson and Thompson is an unreasonable amount.

Rather than conducting an intensive line by line analysis of Defendants' billing summaries, the Court points to several examples of unnecessary fees that contribute to the Court's finding that 131.75 hours is unreasonable. First, the Court agrees with Plaintiff that the review of documents by Thompson and Thompson in addition to the review and work of three highly skilled Brooks Kushman attorneys constitutes "over-lawyering." The Court also finds that time devoted to "formulating litigation strategy" is vague and insufficiently demonstrative of assistance to counsel's clients. Further, the Court notes that on at least two occasions, two highly skilled attorneys billed significant time for attending the same motion hearings. Finally, the Court observes several instances in which Defendants billed administrative tasks such as "downloading and evaluating . . . website" at attorney rates. The Court finds that a reasonable amount of time for this matter for highly experienced attorneys is 67 hours, which are allocated below.

For the foregoing reasons, the Court holds that Defendants are entitled to the aggregate amount of $19,183.62 as an award of attorneys' fees ($16,955) and costs ($2,228.62) in this matter. The fees are allocated as follows: Brandenburg (8 hours x $170 = $1,360); Tuttle (34 hours x $280

6

= $9,520); Nemazi (24 hours x $250 = $6,000); and paralegal assistance (1 hour x $75 = $75).

**B. 28 U.S.C. § 1927 SANCTIONS**

In their motion, Defendants argue that Plaintiff's counsel knew or should have known that the claims set forth were frivolous and, as such, counsel operated "as an accomplice in Mr. Pavone's misuse of the judicial process." Plaintiff replies that it filed the complaint after an investigation that was reasonable under the circumstances and that further information was restricted by Defendants' failure to cooperate with discovery requests. Plaintiff also argues that its voluntarily dismissal of Counts I and II and Defendants Naik and Griffin demonstrates a willingness and desire to avoid vexatious litigation.

Sanctions under 28 U.S.C. § 1927 may be brought against any person "who so multiplies the proceedings in any case unreasonably and vexatiously." The court may require such persons "to satisfy personally the excess costs, expenses, and attorneys' fees reasonably incurred because of such conduct." 28 U.S.C. § 1927. A court need not find that a party acted in "bad faith" to warrant sanctions. Rather, a court may impose sanctions "when an attorney knows or reasonably should know that a claim pursued is frivolous, or that his or her litigation tactics will needlessly obstruct the litigation of nonfrivolous claims." *Jones v. Cont'l Corp.*, 789 F.2d 1225, 1230 (6th Cir. 1986). An attorney's failure to undertake reasonable inquiries or simple negligence or inadvertence will not necessarily trigger sanctions under the statute. *Riddle v. Egensperger*, 266 F.3d 542, 553 (6th Cir. 2001). For sanctions to be appropriate, an attorney's conduct must fall below objective professional standards:

> [t]here must be some conduct on the part of the subject attorney that trial judges, applying the collective wisdom of their experience on the bench, could agree falls short of the obligations owed by a member of the bar to the court and which, as a result, causes additional

7

expense to the opposing party.

*In re Ruben*, 825 F.2d 977, 984 (6th Cir. 1987). Section 1927 sanctions "deter dilatory litigation practices and [] punish aggressive tactics that far exceed zealous advocacy." *Red Carpet Studios Div. v. Sater*, 465 F.3d 642, 646 (6th Cir. 2006).

Attorneys are subject to sanctions under section 1927 when they "intentionally abuse[] the judicial process or knowingly disregard[] the risk that [their] actions will needlessly multiply proceedings." *Id.* at 646. The Sixth Circuit has upheld sanctions under section 1927 when an attorney persistently tried to circumvent a district court's injunction, failed to join a necessary party, sent harassing letters, and refused to facilitate depositions. The court declared that the attorney's actions "were taken, at the very least, in the face of an obvious risk that he was increasing the work on the other party without advancing the litigation." *Id.* at 647. The United States District Court for the Eastern District of Michigan has administered sanctions under section 1927 when the attorney advocated a theory for federal jurisdiction that lacked a plausible legal basis because it "caused an entirely separate court system to become involved in the litigation, thus needlessly multiplying the proceedings. Counsel had many opportunities to correct his mistake but stubbornly refused to do so with no good reason." *B.M. Invs., L.L.C. v. Hamilton Family, L.P.*, No. 06-14991, 2007 U.S. Dist. LEXIS 42597, at *13 (E.D. Mich. Mar. 14, 2007); *see also Fharmacy Records v. Simmons*, No. 05-72126, 2006 U.S. Dist. LEXIS 2789 (E.D. Mich. Jan. 20, 2006).

In contrast, the courts have not imposed sanctions under the statute when complaints reflect a lack of effort. In *Jones*, for example, the Sixth Circuit observed that "while the amended complaint certainly is a boilerplate effort, and certainly could have been more artfully drawn, . . . [t]he ambiguities argued . . . are so easily resolved that failure to amend cannot be characterized as

8

unreasonable and vexatious multiplication of the litigation." *Jones*, 789 F.2d at 1232. In another case, the Sixth Circuit held that "[a] sanction is generally improper where a successful motion could have avoided any additional legal expenses by defendants." *In re Rubin*, 825 F.2d at 988.

Plaintiff filed its complaint on March 15, 2007. By May 23, 2007, only one of the original seven counts remained, and two defendants had been voluntarily dismissed. On August 8, 2007, the Court dismissed Plaintiff's action in its entirety. Despite the fact that Plaintiff's complaint could have been more artfully structured and the fact that Plaintiff filed its complaint without concrete knowledge as to whether a claim existed, the record of this four month case taken as a whole does not reveal that Plaintiff's counsel was so improper as to multiply the proceedings vexatiously and unreasonably.

**C. RULE 11 SANCTIONS**

Defendants allege that Plaintiff should be subject to Rule 11 sanctions for filing baseless claims and for refusing to dismiss certain defendants after being served with a Rule 11 motion. In support of their contention, Defendants observe that Plaintiff named several defendants who had no nexus to credit counseling. Plaintiff responds that its conduct at all stages of the action was reasonable under the circumstances. More specifically, Plaintiff argues that its imperfect pleading stemmed from its inability to obtain discovery materials.

Rule 11 demands that attorneys presenting any pleading, motion, or other paper to the court certify to the best of their ability and after a reasonable inquiry that:

> (1) it is not being presented for any improper purpose, such as to harass or to cause unnecessary delay or needless increase in the cost of litigation;
>
> (2) the claims, defenses, and other legal contentions therein are warranted by existing law or by a nonfrivolous argument for the

9

> extension, modification, or reversal of existing law or the establishment of new law;
>
> (3) the allegations and other factual contentions have evidentiary support or, if specifically so identified, are likely to have evidentiary support after a reasonable opportunity for further investigation or discovery; and
>
> (4) the denials of factual contentions are warranted on the evidence or, if specifically so identified, are reasonably based on a lack of information or belief.

FED. R. CIV. P. 11(b). Parties or attorneys that violate the foregoing subdivisions are subject to sanctions under Fed. R. Civ. P. 11(c). The court may craft a sanction "that is sufficient to deter repetition of such conduct or comparable conduct by others similarly situated." FED. R. CIV. P. 11(c)(2). Determining whether to impose sanctions under Rule 11 involves an inquiry into "whether the individual's conduct was reasonable under the circumstances." *Union Planters Bank v. L & J Dev. Co.*, 115 F.3d 378, 384 (6th Cir. 1997). The mandate for reasonable conduct is an ongoing one, requiring regular review and modification, if necessary, to conform to Rule 11. *Runfola & Assoc., Inc. v. Spectrum Reporting II, Inc.*, 88 F.3d 368, 374 (6th Cir. 1996). Courts should be hesitant to impose Rule 11 sanctions

> when the suit is dismissed pursuant to Rule 12(b)(6) and there is nothing before the court, save the bare allegations of the complaint. The situation is very different when sanctions are sought after discovery is complete and a motion for summary judgment under Fed. R. Civ. P. 56 is before the court, which charges the challenged pleader with failing to produce evidence of a sufficient factual basis to support the claims alleged in the complaint.

*Tahfs v. Proctor*, 316 F.3d 584, 594 (6th Cir. 2003). It is imperative that courts read Rule 11 "in light of concerns that it will spawn satellite litigation and chill vigorous advocacy." *Cooter & Gell,v. Hartmarx Corp.*, 496 U.S. 384, 393 (1990).

Rule 11 sanctions have been deemed appropriate when attorneys deliberately abuse the judicial process. In *Tropf v. Fidelity National Title Insurance Co.*, sanctions were deemed appropriate because the plaintiffs filed "at least five lawsuits related to the same transaction. They have repeatedly lost in the state courts. They have brought suit twice against the Zajacs, individuals who purchased property pursuant to a court order [and they filed] countless motions with the court . . . when the underlying action had no merit." 289 F.3d 929, 939 (6th Cir. 2002). In contrast, the Sixth Circuit has been hesitant to impose Rule 11 sanctions when a case is dismissed pursuant to Rule 12(b)(6). *See Tahfs*, 316 F.3d at 594–95. In *Tahfs*, the plaintiff submitted a complaint that contained only "bare, conclusory assertions" in the belief that discovery would reveal necessary and pertinent information to the complaint. The plaintiff's complaint was ultimately dismissed under 12(b)(6), but the Sixth Circuit reversed the district court's award of Rule 11 sanctions, holding, "[w]hile [plaintiff's] attorney should have realized that his suit was unlikely to survive a Rule 12(b)(6) motion absent more specific allegations of corruption, that alone would not warrant the imposition of sanctions." *Id.* at 595.

In this case, Plaintiff believed that some of its copyrighted materials had been infringed, and, like the plaintiff in *Tahfs*, hoped that discovery would fill in the complaint's shortcomings. Plaintiff's conduct in this case did not rise to such a level of abuse as to warrant Rule 11 sanctions. Sanctions should not be meted out liberally but should apply only in especially egregious cases. *See Mapother & Mapother, P.S.C. v. Cooper*, 103 F.3d 472, 478 (6th Cir. 1996). This case does not fall into the egregious category.

## IV. CONCLUSION

For the foregoing reasons, IT IS ORDERED that the Court WITHDRAWS its November 16,

2007, Order to Show Cause.

IT IS FURTHER ORDERED that attorney's fees and costs in the amount of $19,183.62 be awarded to Defendants.

IT IS FURTHER ORDERED that Defendants' motion for sanctions under Rule 11 is DENIED

IT IS FURTHER ORDERED that Defendants' motion for sanctions under 28 U.S.C. § 1927 is DENIED.

IT IS SO ORDERED.


                          s/Lawrence P. Zatkoff
                          LAWRENCE P. ZATKOFF
                          UNITED STATES DISTRICT JUDGE

Dated: December 19, 2007

## CERTIFICATE OF SERVICE

The undersigned certifies that a copy of this Order was served upon the attorneys of record by electronic or U.S. mail on December 19, 2007.

                          s/Marie E. Verlinde
                          Case Manager
                          (810) 984-3290